**CITY OF MIDDLETOWN, Appellee,**

v.

**ALLEN, Appellant.**

[Cite as *Middletown v. Allen* (1989), 63 Ohio App.3d 443.]

Court of Appeals of Ohio,
Butler County.

No. CA88–11–157.

Decided June 30, 1989.

*Bruce Fassler,* City Prosecutor, for appellee.

*Bryant & Sanzone* and *Jerry M. Bryant,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon an appeal from the Middletown Municipal Court of Butler County.

Defendant-appellant, Bryan T. Allen, appeals his bench conviction for petty theft for which he was sentenced to sixty days in the Middletown City Jail.

During the early morning hours of September 28, 1988, Middletown Police Officers Todd Mann and Jim Lampert were dispatched to an area near Monroe and Harrison Streets in Middletown, Ohio, in response to a call that two individuals were going through motor vehicles parked on the street. The officers observed three subjects near a pickup truck in an alley. As the officers approached, one individual fled on foot. Although pursued by Mann, this individual eventually escaped and was never apprehended. The other two individuals—appellant and a juvenile—remained on the scene and were stopped by Lampert. In a nearby trash can, the officers recovered a bag containing several items of personal property which a Monroe Street resident later identified as having been removed from her automobile.

Police questioned the juvenile but released him without filing any charges. Appellant was charged with petty theft. On September 30, appellant was arraigned, found indigent, and appointed counsel. Appellant's case was tried to the court one week later on October 7, 1988. The court found appellant guilty as charged and sentenced him to sixty days in jail. The court ordered this sentence to run concurrent to a separate sentence imposed as a result of a bench warrant issued against appellant on an unrelated matter.

On appeal, appellant asserts the following assignments of error for our review:

First Assignment of Error

"The appellant was denied effective assistance of counsel, as appellant's attorney failed to issue subpoenas to witnesses material to the defense, who would have provided an alibi for defendant-appellant."

Second Assignment of Error

"The appellant was denied effective assistance of counsel, as appellant was not given adequate time with his court-appointed attorney to prepare for trial."

Third Assignment of Error

"The trial court erred in finding the appellant guilty of petty theft under § 642.02 of the codified ordinances of the city of Middletown, Ohio, as such finding was directly contrary to the manifest weight of evidence presented at trial."

Before addressing the assignments of error, we consider the city's contention that the appeal is rendered moot because appellant has already served his sixty day sentence. Appellant elected not to seek a stay of his theft sentence since he had already been ordered to serve time on an unrelated charge which was to run concurrent to his sentence in the case at bar. Had appellant successfully sought a stay of his theft sentence, he would still have served the

sentence arising from the bench warrant and would have faced an additional sixty day sentence.

In *State v. Benson* (1986), 29 Ohio App.3d 109, 29 OBR 123, 504 N.E.2d 77, the Court of Appeals for Franklin County held that a defendant convicted of a criminal offense must, *where practicable,* seek a stay of sentence in order to defeat a claim of mootness. Otherwise, an appeal is rendered moot when a defendant has completed his sentence. *Id.* Given the situation in the case at bar, we find that it would have been impracticable for appellant to seek a stay of sentence which could have nearly doubled the amount of actual jail time he would have served. Under these circumstances, we refuse to find that appellant's appeal is rendered moot simply because he has completed his sentence. We now turn to the assignments of error.

In his first assignment, appellant claims he was denied the effective assistance of counsel as a result of trial counsel's failure to subpoena witnesses who would have provided an alibi defense. According to appellant, he was at a friend's house until 2:25 a.m., at which time he left and began walking home to his residence on Central Avenue. Appellant met another acquaintance (the juvenile) who was looking for his girlfriend. Appellant walked with the juvenile until the duo arrived at an alley where they met a third individual from whom appellant requested a cigarette. At about this time, the police arrived whereupon the third individual fled and appellant was arrested.

Appellant claimed that his friend would have testified and provided an alibi defense. The transcript of proceedings reveals that appellant's counsel was aware of this witness but failed to subpoena him. The friend had previously indicated that he would testify on appellant's behalf but counsel took no action to ensure the witness's presence at trial. Instead, counsel simply "told * * * [appellant] to subpoena his friends." The witness did not appear in court and could not be located during the trial. It is appellant's position that counsel's failure to subpoena potential alibi witnesses constituted ineffective assistance of counsel.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must first show that there was a substantial violation of defense counsel's essential duties to the defendant and that the defendant was materially prejudiced by counsel's ineffectiveness. *State v. Holloway* (1988), 38 Ohio St.3d 239, 244, 527 N.E.2d 831, 837, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The accused must demonstrate ineffectiveness by showing that counsel made errors so serious that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 524 N.E.2d 476,

certiorari denied (1988), 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550. To establish prejudice, a defendant must show that there is a reasonable probability that but for counsel's mistakes, the result of the trial would have been different. *Id.*

■ The mere failure to subpoena witnesses is not a substantial violation of an essential duty to a client in the absence of a showing that testimony of any one or more of the witnesses would have assisted the defense. *State v. Reese* (1982), 8 Ohio App.3d 202, 8 OBR 273, 456 N.E.2d 1253; *State v. Pinion* (May 4, 1987), Clinton App. No. CA86–11–020, unreported, 1987 WL 10766. In the case at bar, the missing witnesses were to have provided appellant with an alibi defense. Counsel delegated the substantial duty of having these witnesses subpoenaed to appellant. These witnesses clearly would have assisted the defense. Counsel failed to subpoena the witnesses or even file a notice of alibi despite his apparent knowledge of the potential exculpatory nature of these witnesses' testimony. Where counsel is aware of potential alibi witnesses and fails to subpoena them to ensure their presence at trial, such failure constitutes a substantial violation of an essential duty owed to the accused.

■ As previously noted, this violation must materially prejudice the defense in order to constitute ineffective assistance of counsel. The failure to subpoena witnesses is not prejudicial if the testimony of those witnesses simply would have been corroborative. See *State v. Warden* (1986), 33 Ohio App.3d 87, 514 N.E.2d 883. In this particular case, however, the failure to subpoena witnesses clearly deprived appellant of potentially exculpatory testimony. The city did not present an overwhelming case against appellant. In fact, neither of the arresting officers saw appellant going through or removing personal property from any motor vehicle. In addition, neither officer saw appellant in actual possession of those items later identified as belonging to a resident of Monroe Street. The missing witnesses would not have merely corroborated appellant's testimony but could have provided an alibi to a weakly supported theft offense.

Accordingly, we conclude that trial counsel violated a substantial duty by failing to subpoena potential alibi witnesses and that such violation materially prejudiced appellant's defense. We therefore find that appellant was denied the effective assistance of counsel. The first assignment of error is well taken and is hereby sustained.

■ The second assignment of error also claims appellant was denied the effective assistance of counsel. Specifically, appellant contends that he was not given adequate time with counsel to prepare for trial. According to appellant, he met with counsel for only a total of twenty minutes from the

time counsel was appointed until trial. There is nothing in the record to substantiate this claim other than the statements of appellant's affidavit attached to his brief. Unfortunately, that affidavit is not part of the record for review. See App.R. 9(A). Affidavits attached to an appellate brief cannot be considered as part of the record on appeal. *State v. Richardson* (Feb. 17, 1987), Butler App. No. CA86-07-108, unreported, 1987 WL 6705. Counsel was appointed for appellant at arraignment and given a week to prepare for trial. Since there is nothing in the record to support appellant's allegations, we cannot say that appellant was denied the effective assistance of counsel as a result of insufficient time in which to confer with counsel and prepare a defense. The second assignment of error is therefore overruled.

For his final assignment of error, appellant claims that his conviction was against the manifest weight of the evidence. Admittedly, the city's case against appellant was rather weak. None of the city's witnesses saw appellant illegally enter and remove personal property from a motor vehicle. In addition, no witness could testify that appellant was in actual possession of the stolen property recovered from the trash can. Essentially, the city's case indicated that appellant was one of several individuals in the suspected crime area.

However weak the state's case may be, we are nevertheless inclined to find that there was substantial evidence upon which the trial court could reasonably conclude that all elements of the charged offense have been proven beyond a reasonable doubt. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304. The third assignment of error is hereby overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.