DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Pickaway County Court of Common Pleas which denied post-conviction relief.
Appellant Lemaster was convicted on March 18, 1996, of eight counts of receiving stolen property, one count of theft, and one count of engaging in a pattern of corrupt activity. He was sentenced to one year consecutively on each of the eight receiving counts, one year concurrently on the theft count, and seven to twenty-five years consecutively on the corrupt activity count. That conviction was affirmed by this court on March 21, 1998. The Ohio Supreme Court declined to review the case on April 22, 1998.
On September 2, 1998, Lemaster filed a petition for post-conviction relief under R.C. 2953.21. He asserted three grounds for the petition: newly-discovered evidence, ineffective assistance of counsel, and excessive sentencing. He requested an evidentiary hearing on the petition. The trial court denied the petition without having granted a hearing, and from that decision Lemaster takes this appeal designating four assignments of error.
ASSIGNMENT OF ERROR 1
 Appellant provided newly-discovered evidence warranting a new trial.
 ASSIGNMENT OF ERROR 2
 The Appellants were [sic] entitled to relief based upon ineffective assistance of counsel during the pretrial investigation.
 ASSIGNMENT OF ERROR 3
 The sentence imposed was excessive, in violation of the Eighth Amendment.
 ASSIGNMENT OF ERROR 4
 Appellant's motion pursuant to O.R.C. 2953.21 was improperly denied without an evidentiary hearing.
The granting or denying of a petition for post-conviction relief is within the sound discretion of the trial court, and the standard of review is whether the trial court abused its discretion. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Wilmington SteelProducts, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122; State v. Moreland (1990), 50 Ohio St.3d 58, 61; Statev. Montgomery (1991), 61 Ohio St.3d 410, 413; State v. Xie
(1992), 62 Ohio St.3d 521, 527. With that standard in mind, we turn to appellant's first assignment of error.
Appellant's claim of newly-discovered evidence is based on the trial testimony of Anthony Moody and Ken Moody. Both Moodys testified for the State at Lemaster's trial, and both testified that no promises were made in exchange for their testimony. Subsequent to the trial, both Anthony and Ken Moody filed motions for post-conviction relief on the grounds that they had been promised shock probation in their plea bargains. The trial court conducted an evidentiary hearing on the Moodys' claims and found that no promise had been made and further specifically found that Anthony Moody's
 "* * * testimony at the Lemaster trial was truthful. The court finds Moody's testimony today [at the hearing] is untruthful."
Appellant also bases his claim for a new trial on the grounds that the Moodys violated the sequestration order. The standard for granting a new trial is long established. In determining whether newly-discovered evidence warrants a new trial, a two-tier test is applied. First, is the evidence merely impeaching? If not, a new trial may be warranted. If it is, then the question becomes whether the newly-discovered evidence would create a strong probability of a different result at trial.Dayton v. Martin (1987), 43 Ohio App.3d 87, explaining State v.Petro (1947), 148 Ohio St. 505.
Whether or not the Moodys had been promised shock probation in exchange for their testimony would be impeaching evidence. Appellant insists that it was more than this because the State knowingly used perjured testimony. This claim, however, rests entirely on the Moodys' claim that a deal for shock probation had been offered, a claim which the State vigorously denied. Once the trial court found the Moodys to be not credible, the claim of using perjured testimony cannot stand.
This court also finds that the second prong of Petro, supra,
has not been met. The Moodys' testimony gave very specific details about the various thefts of equipment. The proposed newly-discovered evidence does not refute most of that testimony and is not the sort of evidence that creates a strong probability the result in the trial would be different.
Appellant's first assignment of error is not well-taken and is overruled.
The Appellant's second assignment of error is based on a claim of ineffective assistance of counsel during the pre-trial investigation.
The Supreme Court of Ohio dealt with the issue of ineffective assistance of counsel in State v. Smith (1985), 17 Ohio St.3d 98,100. In Smith, the court held:
 * * * In Strickland v. Washington (1984), [466 U.S. 668], 80 L.Ed.2d 674, the United States Supreme Court adopted a two-pronged analysis for determining whether counsel's assistance was so defective as to require reversal of a conviction:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires showing the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 The court also noted that counsel is "strongly presumed" to have rendered adequate assistance, and "the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy'."
See, also, State v. Bradley (1989), 42 Ohio St.3d 136; State v.Brown (1988), 38 Ohio St.3d 305. In order to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Bradley, supra, at 143.
Appellant concedes that the rule in Middletown v. Allen (1989),63 Ohio App.3d 443, is controlling, i.e. that a failure to call any witness must be a substantial violation of an essential duty of counsel and must have materially prejudiced the defense. Lemaster claims that the failure to call Robert Gillum, David Barnes, or Jerry Noble was such a failure. All three filed affidavits saying that they were pressured to implicate Lemaster. All three were charged with buying property that had been stolen. None of the three had dealt with Lemaster directly, and were connected to him only through the testimony of the Moodys.
This testimony would have made the credibility of the Moodys more crucial to the State's case, but not having it presented to the jury was not substantially prejudicial. The jury had to assess the credibility of the Moodys' testimony, which implicated Lemaster. The testimony of Gillum, Barnes, and Noble does not refute the Moodys' implication of Lemaster, but taken in a light most favorable to Lemaster, merely fails to corroborate it. Whether to call or not call these witnesses was a decision for trial counsel to make, but the failure to call them does not constitute ineffective assistance of counsel.
Assignment of error two is not well-taken.
Lemaster's third assignment of error is that the sentence he received was excessive. Appellant did not receive the maximum sentence that might have been imposed for the crimes of which he was convicted. As the trial court pointed out in its decision on the motion for relief from judgment, Lemaster was the ringleader of the group and deserved the longest sentence, which is in accord with the sentencing guideline set down in R.C. 2929.12 (A) (7). This court points out that R.C. 2929.11 (A) says that one of the overriding purposes of sentencing is to protect the public and to deter others. Heavy equipment, as the name implies, is difficult and expensive to transport and there is a great economic benefit when owners of tractors, back hoes, and such can leave their equipment on the job site without fear of it being stolen. A heavy sentence for someone who steals this equipment, and who organizes a ring to make the thefts more efficient, is necessary to deter this kind of criminal activity. That other members of the ring received lesser sentences either because they, were less involved or because they cooperated by testifying against Lemaster does not mean that his sentence was excessive or disproportionate.
Assignment of error three is not well taken.
Assignment of error four claims that the court should have conducted an evidentiary hearing. Such a hearing is not mandated by R.C. 2953.21, which states:
 (E) Unless the petitioner and the files and records of the case show that the petitioner is not entitled to the relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment.
Before one can find error here, one must ask what would be adduced at such a hearing. The court had already heard the testimony of the Moodys and determined that no deal had been made. The court already had the affidavits of Gillum, Barnes and Noble. Their testimony at a hearing would be in accord with their affidavits, but as noted by the trial court and this court, their testimony, even if taken as true, does not meet the standard set out in State v. Smith, Middletown v. Allen, or Strickland v.Washington, supra.
The trial court did not err in not conducting a hearing because there really was no matter to be presented at such a hearing. Assignment of error four is not well-taken.
Based on the foregoing, Assignments of Error One, Two, Three and Four are overruled. The judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ Lawrence Grey, Judge*
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
* Judge Lawrence Grey is sitting by assignment of the Ohio Supreme Court for the Fourth Appellate District.