JOURNAL ENTRY AND OPINION
Defendant-appellant Donald L. Johnson ("appellant") appeals from the trial court's determination that he was a "sexual predator" pursuant to R.C. Chapter 2950. Finding appellant's constitutional challenges to lack merit, the judgment of the trial court is affirmed in part. Finding the third assignment of error to have merit, the judgment of the trial court is reversed in part and this case is remanded for further proceedings consistent with this opinion.
On or about September 22, 1982, the grand jury issued a two-count indictment against appellant charging him with aggravated burglary and attempted rape. On September 27, 1982, appellant entered a plea of not guilty by reason of insanity.
On or about February 24, 1983, the prosecutor moved to amend count two of the indictment to gross sexual imposition. Appellant retracted his former pleas of not guilty and pleaded guilty to the charges set forth in the amended indictment. The trial court then sentenced appellant to concurrent prison terms of four to twenty-five years for aggravated burglary and one to ten years for gross sexual imposition.
On June 3, 1998, the trial court conducted a sexual predator determination hearing. In a journal entry filed on July 9, 1998, the court found appellant to be a sexual predator. Therefrom, appellant has filed the instant appeal.
I.
 COLLATERAL ESTOPPEL AND RES JUDICATA PREVENTED THE TRIAL COURT FROM REHEARING THE APPELLANT'S CASE WHERE THE TRIAL COURT INITIALLY FOUND R.C. § 2950.01 ET SEQ. INAPPLICABLE TO THE APPELLANT AND WHERE NO NOTICE OF APPEAL OR OTHER CHALLENGE WAS LEVIED AGAINST SUCH FINDING.
In his first assignment of error, appellant claims that the doctrines of res judicata and collateral estoppel should have precluded the trial court from conducting appellant's sexual predator hearing. This contention is based upon a non-journalized entry wherein the trial court allegedly found R.C. Chapter 2950 unconstitutional. However, this entry has not been made part of the record on appeal; instead, both parties attached a copy of the entry to their appellate briefs.
Because the entry was not in the record below, we cannot consider it even though both parties attached a copy to their appellate briefs. See D B Immobilization Corp. v. Dues (1997),122 Ohio App.3d 51, 52-53. As this court has noted:
 This court cannot consider matters dehors the record. State v. Ishmail (1978), 54 Ohio St.2d 402. An exhibit attached to an appellate brief and not filed with the trial court is not part of the record. Middletown v. Allen (1989), 63 Ohio App.3d 443, 449.
 In re Estate of Price (Oct. 26, 1995), Cuyahoga App. No. 68628, unreported.
Accordingly, appellant's first assignment of error is overruled.
 II.
In assignments of error II, IV, V, VI. VII, VIII, IX, X and XI, appellant raises various constitutional objections to R.C. Chapter 2950. This court has consistently rejected identical challenges to the constitutionality of R.C. Chapter 2950. See, e.g., State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's constitutional challenges to the sexual predator statute are summarily overruled.
III.
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT THE APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In his third assignment of error, appellant asserts that the evidence presented at his hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.
R.C. 2950.01 (E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's plea of guilty to the charge of gross sexual imposition qualifies as a sexually oriented offense under R.C. 2950.01 (D). However, appellant claims that there was insufficient evidence presented at the hearing to determine by clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses."
In making a determination as to whether an offender is a sexual predator, the trial judge must consider all relevant factors, including, but not limited to the factors listed in R.C.2950.09 (B) (2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
"The statute does not require the court to list the criteria, but only to "consider all relevant factors, including' the criteria in R.C. 2950.09 (B) (2) in making his or her findings."State v. Cook (1998), 83 Ohio St.3d 404, 426. Moreover, R.C.2950.09 (B) (2) does not require that each factor be met, rather it merely requires that the trial court consider those factors which are relevant. State v. Ivery (Feb. 18, 1999), Cuyahoga App. No. 72911, unreported, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v.Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371. unreported, the trial court adjudicated the defendant to be a sexual predator based solely upon his underlying conviction for the sexual offense of felonious sexual penetration. The only evidence submitted during the defendant's sexual predator determination hearing was a certified copy of his conviction. On appeal, this court held that a sexual predator determination could not be made solely upon an underlying conviction. Ward,supra, citing State v. Wilson (Sept. 11, 1998), Hamilton App. No. C-970880, unreported. Therefore, this court reversed the classification of the defendant as a sexual predator and remanded his case to the trial court for further consideration of the record in toto. Ward, supra.
In conformity with Ward, we find that insufficient evidence was presented below to support the determination that appellant is a sexual predator. During the hearing, the court was merely presented with the prosecutor's recitation of the fact of appellant's underlying conviction and the bare allegation that appellant had a prior sex conviction. We note that the factors listed in R.C. 2950.09 (B) (2) were discussed at the hearing, including: (1) appellant was thirty-one years old at the time of the underlying sexual offense; (2) on or about August 15, 1972, appellant was convicted of a prior sex offense; (3) appellant's victim was ten years old; (4) the underlying offense only involved one victim; (5) appellant did not use alcohol and drugs to induce or quiet the victim; (6) appellant had participated in three years of counseling; and (7) the nature of appellant's conduct. However, the prosecutor failed to present any exhibits or witnesses, on the record, to support these factual assertions.
We find that the prosecution failed to present the trial court with clear and convincing "evidence" that appellant is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01 (E). Accordingly, appellant's third assignment of error is sustained. The judgment of the trial court is reversed in part, and this cause is remanded for proceedings consistent with this opinion.
IV.
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
As for his twelfth assignment of error, appellant claims that the trial court erred in imposing the registration requirements of R.C. 2950.04 upon him because he was sentenced before the effective date of that statute. The disposition of the third assignment of error renders this assignment of error moot. Pursuant to App. R. 12 (A) (1) (c), we decline to address the twelfth assignment of error.
The judgment of the trial court is affirmed in part and reversed in part, and this case is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, ADM.J. and TIMOTHY E. McMONAGLE, J. CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE