OPINION
Defendant-appellant, Michael Clark, appeals from the April 24, 2000 decision and entry of the Franklin County Court of Common Pleas denying his petition to vacate or set aside judgment, pursuant to R.C. 2953.21, filed August 9, 1999. For the reasons that follow, we reverse the judgment of the court of common pleas and remand the matter for a hearing.
On December 4, 1998, appellant was found guilty by a jury of aggravated robbery with a firearm specification, robbery, aggravated burglary with a firearm specification, and burglary. The charges arose out of a May 13, 1998 incident during which a masked man robbed the manager of an apartment complex. The robbery took place at approximately 1:15 p.m. The case hinged on the issue of identification as the robber wore a sheer white nylon mask that distorted the robber's features. The manager of the complex made a positive identification of appellant as the robber because she believed him to be a former employee whose voice she recognized.
Appellant's only witness in his defense was his wife, Octavia Clark. Ms. Clark testified that, at the time of the robbery, she was working at the National City Bank Mortgage Center. Her lunchtime routine was either to meet appellant and their daughter for lunch or to call appellant at the end of her lunch hour, generally around 1:00 p.m. Ms. Clark did not have a specific recollection of what type of contact she had with appellant on May 13, 1998, but she was convinced that she had some type of contact with him because it was her habit to speak with him every day.
On appeal, the convictions for aggravated robbery, burglary, and the firearm specifications were reversed due to insufficiency of the evidence, and the matter was remanded to the trial court. State v.Clark (Sept. 28, 1999), Franklin App. No. 98AP-1650, unreported. The trial court vacated the convictions and sentences as to three of the counts and sentenced appellant to seven years imprisonment on the robbery charge.
On August 9, 1999, appellant filed a petition to vacate or set aside judgment pursuant to R.C. 2953.21. On August 17, 1999, appellant filed an amended petition to vacate or set aside judgment pursuant to R.C.2953.21. In his petition, appellant asserted that he was prejudiced by ineffective trial counsel. Specifically, appellant contended that trial counsel failed to adequately investigate and present his alibi defense. According to appellant, the alibi evidence combined with the weakness of the state's case would have produced reasonable doubt in the jurors' minds as to whether appellant was the person who robbed the apartment complex manager. In support of his petition, appellant offered the affidavits of himself, his original trial counsel, Timothy Pierce, and the alibi witness, Darrin Daniels. The following facts are taken from the affidavits.
Mr. Daniels stated that, on May 13th, Daniels saw appellant at Daniels' aunt's house washing his car and trying to sell it. Appellant had his daughter with him at the time and was babysitting because his wife was working at National City Bank. Daniels often walked down the street with appellant to see who was interested in his car over a period of one or two weeks. Daniels would have testified as to appellant's whereabouts on May 13, 1998, had he been notified, but appellant's attorney never subpoenaed him.
According to Pierce's affidavit, he initially represented appellant and, in so doing, had contacted a number of potential alibi witnesses, including Darrin Daniels. Pierce found that Daniels was able to provide specific reasons for remembering the events of May 13, 1998. Pierce concluded that Daniels' testimony would have been valuable to the defense because it would have corroborated the testimony of appellant's wife. Pierce subpoenaed Daniels to testify at the original trial date and supplied his name as a potential witness in reciprocal discovery provided to the state.
Mr. Christopher King was later hired as appellant's trial counsel. Upon substitution of counsel, Pierce had a discussion with King, appellant, and members of appellant's family at the courthouse. Pierce explained to appellant and King what work he had done on the case, what his investigation had revealed, and what he intended to do had he remained appellant's attorney. Pierce did not have a specific recollection of discussing Daniels' testimony with appellant or King, but stated, "it is highly likely that I did discuss Mr. Daniels' testimony at that conference." Mr. King did not contact Pierce after that conference.
In his affidavit, appellant states that he asked King to interview Daniels and to call him as a witness at trial. Appellant wanted Daniels to testify because Daniels specifically remembered appellant's whereabouts on May 13, 1998, as it was the day after Daniels' girlfriend's birthday party. King did not call Daniels as a witness. At no time did King indicate to appellant that he had spoken to Daniels, and to the best of appellant's knowledge, King did not interview Daniels.
The trial court denied a hearing on the petition on the grounds that appellant had failed to meet his burden of submitting evidentiary documents containing sufficient operative facts so as to warrant an evidentiary hearing. The trial court denied the petition on the grounds that appellant had failed to establish sufficient operative facts demonstrating substantive grounds for relief. Specifically, the trial court concluded that appellant had failed to establish that trial counsel's decision not to call Daniels was "more than trial tactic."
Appellant has appealed, assigning as error the following:
FIRST ASSIGNMENT OF ERROR
 The trial court committed prejudicial error by dismissing Appellant's Amended Petition to Vacate and Set Aside Judgment.
SECOND ASSIGNMENT OF ERROR
 The trial court erred in refusing to conduct an evidentiary hearing on Appellant's Amended Petition to Vacate and Set Aside Judgment and in dismissing the petition. The trial court's errors deprived Appellant of his constitutional right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.
We initially address appellant's second assignment of error, as it is dispositive of the appeal.
To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668,687. Accord State v. Bradley (1989), 42 Ohio St.3d 136.
A petitioner for post-conviction relief asserting ineffective assistance of trial counsel is not automatically entitled to a hearing. To be entitled to a hearing, the petitioner must demonstrate sufficient operative facts to show the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980),64 Ohio St.2d 107; State v. Pankey (1981), 68 Ohio St.2d 58.
The post-conviction relief statute, with respect to granting a hearing, states in pertinent part that:
 * * * Before granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * [R.C. 2953.21(C).]
The trial court retains discretion to judge the credibility of the petitions in order to discard frivolous claims. State v. Calhoun (1999),86 Ohio St.3d 279, 292. An affidavit, being by definition a statement that the affiant has sworn to be truthful, and made under penalty of perjury, should not lightly be deemed false. Id. at 284. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur.Id. at 285. Here, the trial court made no finding as to the credibility of the affidavits attached to appellant's petition for post-conviction relief.
The state appears to argue that, even if true, the facts alleged in the affidavits do not demonstrate substantive grounds for relief. We disagree. An affidavit containing evidence of the availability of alibi witnesses and trial counsel's failure to contact them prior to trial, despite being informed of the presence of these alibi witnesses, sets forth sufficient operative facts to demonstrate substantial grounds for relief. State v. Bigelow (Mar. 31, 1999), Lucas App. No. L-98-1247, unreported. In Middletown v. Allen (1989), 63 Ohio App.3d 443, 448, the Butler County Court of Appeals held that, where counsel was aware of potential alibi witnesses and failed to subpoena them for trial, such failure constituted a substantial violation of an essential duty owed to the accused.
Upon examination of the affidavits of appellant, Timothy Pierce, and Darrin Daniels, we find that they contain evidence that, if believed, would challenge the reliability of the identification of appellant made by the victim, Dawn Cochran. Accordingly, the affidavits contain sufficient operative facts showing substantive grounds for relief, which entitle appellant to a hearing on his post-conviction petition. Therefore, the trial court erred in denying appellant's claim for relief without a hearing and, as such, appellant's second assignment of error is well-taken. In light of our resolution of the second assignment of error, the first assignment of error is rendered moot.
Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded to that court for further proceedings consistent with this opinion.
 ___________ LAZARUS, J.
BOWMAN and DESHLER, JJ., concur.