ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to enable an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
{¶ 2} Defendant-appellant Damien S. Wiley appeals from the trial court's order of sentence upon him after appellant entered a guilty plea to one count of domestic violence, R.C. 2919.25. In his sole assignment of error, appellant essentially asserts the trial court improperly determined he committed the worst form of the offense, thus, he does not deserve the term of incarceration imposed. This court disagrees.
{¶ 3} A review of the record in this case[1] demonstrates the trial court's full compliance with the sentencing requirements of R.C. 2929.19(B)(2)(a) prior to imposing the prison term of eleven months upon appellant for his commission of a fifth degree felony.
{¶ 4} After considering appellant's record in light of the information in the presentence report, the trial court found appellant had committed the offense while on probation for another domestic violence conviction committed only a few months previously. R.C. 2929.13
(B)(1)(h).
{¶ 5} The trial court then stated its reasons for selecting a significant term of incarceration: appellant apparently hadn't yet learn[ed his] lesson; the circumstances of the offense, viz., [d]ragging a pregnant female down a flight of steps and banging her head into the floor constituted its worst form; and appellant's offense was so heinous that a minimum term would both demean its seriousness and not adequately punish appellant. R.C. 2929.13(B)(2)(a).
{¶ 6} Appellant's lack of awareness of his victim's condition is not a factor for the trial court's consideration.[2] Moreover, the fact that appellant informed the person with whom he was conversing on the telephone he had to go because he was going to beat [the victim's] a — indicates a degree of meditativeness that seems unusual for crimes of this nature.
{¶ 7} The trial court thus complied with its duties in pronouncing sentence. State v. Humphreys (Nov. 15, 2001), Cuyahoga App. No. 79008. Appellant's sole assignment of error, therefore, is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court of Cuyahoga County to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO PRESIDING JUDGE, ANNE DYKE, J. and DIANE KARPINSKI, J. CONCUR.
[1] The record does not include appellant's wife's affidavit; therefore, this court will not consider it. Middletown v. Allen (1989),63 Ohio App.3d 443.
[2] Additionally, this court notes appellant's sentence of eleven months is not out of proportion to the circumstances of the offense. State v. King (Mar. 13, 2000), Stark App. No. 1999CA0064.