OPINION
{¶ 1} Plaintiff-appellant, Thomas Stefanopoulos, appeals the decision of the Butler County Court of Common Pleas, dismissing his personal injury action with prejudice. We affirm the trial court's decision.
 {¶ 2} On September 7, 2000, appellant was injured in an automobile collision caused by defendant-appellee, Linda Clark. He brought suit seeking compensation for his injuries. On December 16, 2005, appellant settled the action for $9,000, and signed a "Full, Final and Butler CA2006-01-006 Complete Release" of his claims against appellee arising out of the collision. In January 2006, the trial court filed an entry dismissing appellant's suit with prejudice based on the settlement agreement. Appellant appeals the dismissal.
 {¶ 3} Appellant has failed to raise specific assignments of error as required by App.R. 16. The purpose behind this rule is "to require the appellant to specifically identify the error the appellant claims occurred and the portion of the record that supports the claim of error." Cook v. Wilson, 165 Ohio App.3d 202, 2006-Ohio-234, ¶ 15. Courts of appeals "cannot and will not search the record in order to make arguments on appellant['s] behalf." Id., quoting Helman v. EPL Prolong,Inc. (2000), 139 Ohio App.3d 231, 240. The failure to argue separately assigned errors "is grounds for summary affirmance." Id.
 {¶ 4} Nevertheless, courts prefer to determine cases on the merits rather than upon "procedural default." Id. Consequently, despite appellant's failure to follow the Rules of Appellate procedure, we will consider appellant's general contention that the trial court erred by dismissing the instant matter as an assignment of error.
 {¶ 5} Settlement agreements, such as the one appellant entered into in this case, are contracts designed to terminate claims and end litigation. Continental West Condominium Unit Owners Assoc. v. Howard E.Ferguson, Inc., 74 Ohio St.3d 501, 502, 1996-Ohio-158. They are valid and enforceable by either party, and may not be unilaterally repudiated.Mack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34, 36. Appellant admittedly settled his claims against appellee and executed a full release of his claims against her. Consequently, the trial court's dismissal of appellant's suit with prejudice does not constitute an abuse of discretion. See Quonset Hut v. Ford Motor Co. (1997),80 Ohio St.3d 46, 47.
 {¶ 6} The remaining contentions raised by appellant relate to evidence and matters outside the trial court record. They are consequently beyond the scope of our review. See App.R. 9(A); Middletown v. Allen (1989),63 Ohio App.3d 443, 448 (evidence cannot be considered as part of the record on appeal unless it appears in the trial court record). The assignment of error is overruled.
 {¶ 7} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.