OPINION *Page 2 
{¶ 1} Plaintiff-appellant, State of Ohio, appeals the judgment of the Sidney Municipal Court granting defendant-appellee, Jon M. Spencer's, motion to suppress evidence obtained as a result of a traffic stop. For reasons that follow, we affirm.
 {¶ 2} On January 12, 2007, Officer Jennings observed Spencer operating a motor vehicle westbound on Fair road in Sidney, Shelby County, Ohio.[1] Officer Jennings observed Spencer's vehicle cross over the white dotted center line between the two westbound lanes.[2] At this point, Officer Jennings activated his video equipment and observed Spencer's vehicle cross the white dotted center line two more times. Officer Jennings then stopped Spencer for violating R.C. 4511.33, driving within marked lanes.
 {¶ 3} Officer Jennings approached the vehicle and noticed an odor of alcohol. Officer Jennings asked Spencer if he had been drinking, but Spencer denied consuming any alcohol. Officer Jennings administered a horizontal gaze nystagmus (HGN) test and observed six indicators. Officer Jennings searched the *Page 3 
defendant's vehicle and found a half-empty bottle of vodka. At this point, Officer Jennings administered a portable breath test (PBT), which Spencer failed. Officer Jennings arrested Spencer for violating R.C.4511.19(A)(1)(a), operating a vehicle while under the influence, and transported him to the station. At the station, officer Jennings administered a breath alcohol concentration BAC Datamaster test, which resulted in .157 grams of alcohol per 210 liters of breath, a violation of R.C. 4511.19(A)(1)(b).
 {¶ 4} Spencer was subsequently charged with the three aforementioned R.C. violations. On February 7, 2007, Spencer tendered a written plea of not guilty.
 {¶ 5} On March 9, 2007, Spencer filed a motion to suppress all evidence resulting from the traffic stop arguing that police lacked probable cause or a reasonable articulable suspicion to make the stop. On May 16, 2007, the trial court held a hearing on the motion. The trial court requested that post-hearing memoranda be filed by the parties. On May 30, 2007, Spencer filed his memorandum, but the State failed to file its memorandum.
 {¶ 6} On June 22, 2007, the trial court granted Spencer's motion to suppress all evidence from the traffic stop relying on State v.Phillips, 3d Dist. No. 8-04-25, 2006-Ohio-6338. On June 29, 2007, the State filed its notice of appeal to this Court. The State now appeals and asserts one assignment of error for review. *Page 4 
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN FINDING THAT THE OFFICER DID NOT MAKE A VALID STOP OF THE DEFENDANT-APPELLEE.
 {¶ 7} In its sole assignment of error, the State argues that the trial court erred in relying on State v. Phillips, supra, when deciding that Officer Jennings lacked probable cause or a reasonable articulable suspicion to make the January 12, 2007 traffic stop. Specifically, the State argues that our opinion in Phillips is limited to the solid white edge line, but Spencer crossed over the white dotted center line.
 {¶ 8} Although the State's argument may have merit, we cannot reach the merits of this case since the State failed to file the May 16, 2007 suppression hearing transcript. App.R. 9(B) requires that theappellant order the necessary portions of the transcript for review on appeal.[3] The Ohio Supreme Court has instructed:
 [w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Page 5 
 Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384 (per curiam). See also, State v. West, 3d Dist. No. 2-06-04,2006-Ohio-5834, ¶¶ 51-53.
 {¶ 9} In this case, the State alleges that Officer Jennings had a reasonable articulable suspicion to stop Spencer's vehicle when it crossed over the white dotted center line in violation of R.C. 4511.33. "`Specific and articulable facts' that will justify an investigatory stop by way of reasonable suspicion include: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." State v.Purtee, 3d Dist. No. 8-04-10, 2006-Ohio-6337, ¶ 9, citing State v.Gaylord, 9th Dist. No. 22406, 2005-Ohio-2138, at ¶ 9, citing State v.Bobo (1988), 37 Ohio St.3d 177, 178-79, 524 N.E. 2d 489; State v.Davison, 9th Dist. No. 21825, 2004-Ohio-3251, at ¶ 6. These relevant facts, however, are not before this Court since the suppression hearing transcript with Officer Jennings' testimony was never filed. As such, we must presume the validity of the trial court's proceedings and affirm.Knapp, 61 Ohio St.2d at 199.
 {¶ 10} Furthermore, there is no indication in the available record that the video tape of the January 12, 2007 traffic stop was entered into evidence at the suppression hearing. Consequently, we cannot consider the video as evidence on appeal either. Stefanopoulos v.Clark, 12th Dist. No. CA2006-01-006, 2006-Ohio-6703, ¶ 6, *Page 6 
citing App.R. 9(A); Middletown v. Allen (1989), 63 Ohio App.3d 443,448, 579 N.E.2d 254 (evidence cannot be considered as part of the record on appeal unless it appears in the trial court record).
 {¶ 11} For all these reasons, the State's assignment of error is overruled.
 {¶ 12} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] Although it is unclear whether the police report was ever made part of the record given the lack of a transcript on appeal, we have used the report to describe, as best as possible, the events of January 12, 2007.
[2] Fair road is a four-lane road with two lanes traveling westbound (upon which Spencer was driving) and two eastbound lanes.
[3] Application of App.R. 9(B) here is warranted due to the fact that the trial court granted the State a forty-day time extension to transmit the record for appeal, and the State still failed to include the transcript. (R. at 25; Jul. 19, 2007 JE). *Page 1