THE STATE OF OHIO, APPELLEE, *v.* BENSON, APPELLANT.

(Nos. 86AP-354 and -355— Decided July 22, 1986.)

*Ronald J. O'Brien,* city attorney, *James J. Fais,* city prosecutor, and *David E. Tingley,* for appellee.

*James J. Kura,* county public defender, and *Allen V. Adair,* for appellant.

MOYER, P.J. This matter is before us on a motion to dismiss the appeal of the defendant, Michael C. Benson, as moot, because Benson has completed the sentence imposed upon him by the trial court.

The controlling Ohio case is *State v. Wilson* (1975), 41 Ohio St. 2d 236 [70 O.O.2d 431]. The syllabus states the law as follows:

"Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."

To retain his stake in a controversy and to preserve the right to appeal, a defendant convicted of a criminal offense must, where practicable, seek a stay of the fine or sentence in either the trial court or the appellate court. *State v. Conliff* (1978), 61 Ohio App. 2d 185, 193 [15 O.O.3d 309]. If the defendant fails to seek a stay, and he voluntarily proceeds to pay his fine or serve out his sentence, then, pursuant to *State v. Wilson, supra,* any appeal from his conviction is moot unless the defendant can offer evidence "from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."

Benson urges that by virtue of his criminal conviction he may suffer some collateral disability or loss of civil rights via enhanced penalties if he again violates R.C. 2905.05, or if he is convicted of another crime and is sentenced as a repeat offender. He contends, therefore, that he retains a substantial stake in the judgment of conviction that survives the satisfaction of judgment against him, and that his appeal is not moot. *State v. Wilson, supra.*

The acquisition of a criminal record by an adult has been held not to be a legal collateral disability *per se. State v. Montgomery* (Aug. 31, 1983), Hamilton App. No. C-820779, unreported, at 4, fn. 1; *State v. Conliff, supra,* at 192. However, federal cases interpreting *St. Pierre v. United States* (1943), 319 U.S. 41, and *Fiswick v. United States* (1946), 329 U.S. 211, 220-223, upon which the rule in *State v. Wilson, supra,* is grounded, have found to the contrary. See *Street v. New York* (1969), 394 U.S. 576,

579-580, at fn. 3 (a criminal conviction could be used to rebut character evidence in future criminal proceedings, and if later convicted of a felony, the defendant may be sentenced as an habitual criminal); *Sibron* v. *New York* (1968), 392 U.S. 40, 55-56 (a criminal conviction could be later used for impeachment and sentencing in future criminal proceedings). *Cf. United States* v. *Morgan* (1954), 346 U.S. 502, 512-513 (although the term of sentence has been served, the results of the conviction may persist, *e.g.,* subsequent convictions may carry heavier penalties).

We find it unnecessary to decide that precise issue because of the facts in the case before us. The defendant was incarcerated under a high bond, involuntarily serving time pending trial. The rule of *State* v. *Wilson, supra,* applies to the sentence served by a convicted defendant, not to an accused defendant who may have served a part of or all of his "sentence" while awaiting trial. If *State* v. *Wilson, supra,* were applied to a defendant who receives credit for time served prior to trial that is equal to his sentence, the defendant could be effectively blocked from ever appealing his conviction. *Sibron* v. *New York, supra,* at 52-53. The court in *St. Pierre* clearly recognized that a state may not effectively deny a convict access to its appellate courts until he has been released and then argue that his case has been mooted by his failure to do what it alone prevented him from doing. Benson received six-month sentences on each count of child enticement. One sentence was suspended for time served, and four of the six months of the second sentence were suspended for time served, with the remainder to be suspended if the state of Indiana extradited the defendant to Indiana. Thus, under the circumstances, with respect to at least one of the judgments against Benson, a stay of execution of the sentence pending appeal would be meaningless, the sentence having already been served. Benson's only avenue to judicial relief on at least the one count is by appeal.

Moreover, without expressing an opinion on the merits, if aspects of Benson's appeal are well-taken, justice is ill-served by finding his appeal moot under *State* v. *Wilson, supra.* Benson contends that, pursuant to his statutory speedy trial rights under R.C. 2945.73, he was entitled to be discharged and a nolle prosequi entered in his case because he was imprisoned for a period in excess of the maximum penalty for the offense charged. While the state would argue that the defendant has waived his statutory speedy trial rights, vitiating his right to discharge, *State* v. *McBreen* (1978), 54 Ohio St. 2d 315 [8 O.O.3d 302], a finding of mootness begs the question raised on appeal, which deserves, in the interest of justice, to be decided on its merits.

Accordingly, the motion to dismiss the appeal, upon the facts of this case, is overruled.

*Motion overruled.*

STRAUSBAUGH and MCCORMAC, JJ., concur.