DECISION AND JOURNAL ENTRY
Defendant, Michael Hulvey, has appealed from convictions by the Summit County Court of Common Pleas for grand theft and forgery. Because Defendant's assignments of error have been rendered moot, this appeal is dismissed.
Defendant was arrested and indicted for grand theft, in violation of R.C. 2913.02(A)(1), (A)(3) and (B), and forgery, in violation of R.C. 2913.31(A)(1) and (A)(2). On March 17, 1999, Defendant moved to dismiss the charges pending against him for failure to bring him to trial within the time specified by R.C.2945.71(C)(2). On March 23, 1999, the trial court held a hearing at which the motion to dismiss was argued. The trial court denied this motion. On the same day, the prosecution moved the court to amend the indictment, substituting the crime of petty theft, in violation of R.C. 2913.02, for the charge of grand theft, but maintaining the second charge of forgery. Defendant pled guilty to both charges. Defendant was sentenced to six months incarceration on the charge of petty theft and eight months incarceration on the charge of forgery. Both sentences were to be served concurrently. Defendant timely appealed and has raised one assignment of error for review. This issue will not be discussed upon the merits as the appeal is moot.
In State v. Wilson (1975), 41 Ohio St.2d 236, syllabus, the Ohio Supreme Court stated as follows:
 Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.
Similarly, in State v. Benson (1986), 29 Ohio App.3d 109, the court stated that "[t]o retain his stake in a controversy and to preserve the right to appeal, a defendant convicted of a criminal offense must, where practicable, seek a stay of the fine or sentence in either the trial court or the appellate court." Id.
at 109, citing State v. Conliff (1978), 61 Ohio App.2d 185, 193.
Defendant did not seek to stay his prison sentence. In fact, at oral argument, Defendant conceded that he has served his entire prison sentence. Additionally, Defendant has offered no evidence that he will suffer a "collateral disability or loss of civil rights" from his conviction for these crimes. Wilson, supra.
Accordingly, this appeal is moot and is hereby dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., CARR, J., CONCUR.