DECISION AND JOURNAL ENTRY.
Defendant, John W. Hauserman, has appealed from his conviction by the Medina Municipal Court for disorderly conduct. Because the order from which Defendant has attempted to appeal is not a final, appealable order, the appeal is dismissed.
On May 24, 1999, Defendant was arrested upon a complaint for domestic violence. Following a bench trial, Defendant was found guilty of domestic violence. There is no evidence in the record that Defendant was ever sentenced upon this conviction. On August 13, 1999, Defendant moved for acquittal or, in the alternative, for a new trial. In his motion, Defendant argued that there was insufficient evidence to establish the elements of domestic violence and thus he was entitled to acquittal. Alternatively, Defendant argued that he was entitled to a new trial before the court. In his motion, Defendant also offered the trial court a third option in which he suggested that the court find him guilty of the "lesser included offense of disorderly conduct" and proceed to schedule a sentencing date on this matter. On September 8, 1999, the trial court vacated the previous finding of guilty with regard to the domestic violence offense, found Defendant not guilty of domestic violence, and found Defendant guilty of the "lesser included offense of disorderly conduct" as suggested by Defendant. Defendant has stated that he was sentenced to pay a fine and court costs on October 22, 1999.[1] On November 22, 1999, Defendant filed a notice of appeal from his sentence arguing that the trial court improperly found him guilty of an offense not charged.
On December 17, 1999, this court issued a show cause order to Defendant ordering Defendant to either provide this court with a memorandum explaining why the order of the trial court was final or to provide this court with a final, appealable order. On January 4, 2000, Defendant submitted a "Nunc Pro Tunc Judgment Entry" by the trial court in which the trial court stated that on October 22, 1999, it sentenced Defendant to a fine of one hundred dollars ($100) plus any court costs. This "Nunc Pro Tunc Judgment Entry" bears no indication that it was ever journalized.
The Supreme Court of Ohio stated in State ex rel White v.Junkin, 80 Ohio St.3d at 337, that "`[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.'" Id. citing State ex rel. Hanleyv. Roberts (1985), 17 Ohio St.3d 1, 4, quoting Schenley v. Kauth
(1953), 160 Ohio St. 109, paragraph one of the syllabus. The Court further noted that a judgment is ineffective until journalized. Id. at 337-38. The "Judgment Entry" provided by Defendant has no indication of journalization upon it. Because there is no evidence in the record that Defendant's sentence was ever journalized, the order from which Defendant has attempted to appeal is not final. If the decision is not final and appealable, this Court does not have jurisdiction to hear the appeal. Accordingly, this appeal must be dismissed.
This Court notes that even if the appeal were to be deemed final, Defendant's appeal would be moot. Upon the evidence presented in the record, a receipt from the Medina Municipal Court shows that Defendant paid the fine assessed upon him on October 22, 1999. In State v. Wilson (1975), 41 Ohio St.2d 236, syllabus, the Ohio Supreme Court stated as follows:
 Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.
Similarly, in State v. Benson (1986), 29 Ohio App.3d 109, the court stated that "[t]o retain his stake in a controversy and to preserve the right to appeal, a defendant convicted of a criminal offense must, where practicable, seek a stay of the fine or sentence in either the trial court or the appellate court." Id. at 109, citing State v. Conliff (1978), 61 Ohio App.2d 185,193.
Defendant did not seek to stay his fine. In fact, upon the very day he claims he was ordered to pay such fine, he paid the amount owed in full. Additionally, Defendant has offered no evidence that he will suffer a "collateral disability or loss of civil rights" from his conviction for these crimes. Wilson,supra. Accordingly, if the sentencing order were final, this appeal would be moot.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BATCHELDER, P.J., BAIRD, J., CONCUR.
[1] Upon review of the record, while there are some hand-written notations on the file jacket, there is no indication that a sentence was ever journalized in this matter on that date. The Supreme Court of Ohio in State ex rel White v. Junkin (1997),80 Ohio St.3d 335, 337, noted that handwritten notations by a municipal judge upon a case jacket do not constitute a final order or judgment from which an appeal may arise unless there is some evidence presented in tandem with the case jacket indicating that such notations have in fact been journalized.