[Cite as *State v. Lewis*, 2013-Ohio-1187.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98621**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY D. LEWIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560341

**BEFORE:** Stewart, A.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEY FOR APPELLANT**

Richard Agopian
The Hilliard Building
1415 West 9th Street, 2nd Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Steven N. Szelagiewicz
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} The trial court found defendant-appellant Anthony D. Lewis guilty of menacing, a fourth degree misdemeanor. The court sentenced Lewis to 30 days in jail, but because Lewis did not post bond prior to trial and remained in jail, the court noted that his "sentence has been satisfied." The court also imposed a fine of $250, but suspended it. Finally, the court ordered Lewis to pay court costs. In this appeal, Lewis claims that there was insufficient evidence to prove that he committed aggravated menacing and that the court erroneously ordered him to pay court costs in his absence.

I

{¶2} Before addressing the merits of this appeal, we first note that when a defendant has voluntarily served a sentence, a criminal appeal is generally considered moot because any decision rendered by the appellate court cannot undo the sentence served, even if the conviction is found to be invalid. *St. Pierre v. United States*, 319 U.S. 41, 42-43, 63 S.Ct. 910, 87 L.Ed. 1199 (1943); *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278.

{¶3} However, being sentenced to what amounted to "time served" does not moot Lewis's appeal because doing so would involuntarily deprive him of the right to appeal. In *State v. Byrd*, 185 Ohio App.3d 30, 2009-Ohio-5606, 923 N.E.2d 161 (2d Dist.), the Second District Court of Appeals stated:

> Where a defendant is sentenced only to time involuntarily served prior to conviction, the mootness doctrine does not apply. *State v. Benson* (1986),

29 Ohio App.3d 109, 110, 29 Ohio B. 123, 504 N.E.2d 77. If the rule were otherwise, "a defendant who receives credit for time served prior to trial that is equal to his sentence * * * could be effectively blocked from ever appealing his conviction." *Id.*; *see also Sibron v. New York* (1968), 392 U.S. 40, 51-53, 88 S.Ct. 1889, 20 L.Ed.2d 917, (recognizing that mootness does not apply where it is impossible for a defendant to pursue an appeal before expiration of his sentence). *Id.* at ¶ 12. *See also State v. Campbell*, 2d Dist. No. 24668, 2010-Ohio-2573, ¶ 9-10.

{¶4} Lewis did not make bail prior to trial. The 30-day sentence ordered by the court exceeded the time he had been involuntarily held in confinement awaiting trial, so he was effectively sentenced to time served. He did not voluntarily serve the sentence ordered in this case, therefore his right to appeal is not forfeited.

II

{¶5} Lewis's first assignment of error is that his conviction for fourth degree, misdemeanor menacing was unsupported by sufficient evidence because the state failed to show that the victim believed Lewis would cause physical harm to her.

{¶6} We determine whether the evidence is sufficient to sustain a verdict by examining the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 78, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[I]t is the responsibility of the [trier of fact] to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the * * * verdict on the ground of insufficient evidence

only if no rational trier of fact could have agreed * * *." *Cavazos v. Smith*, 565 U.S. 1, 4, 132 S.Ct. 2, 181 L.Ed.2d 311 (2011) (per curiam).

{¶7} R.C. 2903.22(A) defines the crime of menacing: "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶8} The evidence viewed most favorably to the state shows that Lewis, while using the victim's cell phone, dialed a number stored on that phone and discovered that a male answered it. The victim was Lewis's girlfriend, and Lewis thought that another man answering the phone meant that she was cheating. The victim insisted that this male was just a friend, but Lewis did not believe her and became angry. The two began an argument that escalated into a physical confrontation, with the victim claiming that Lewis choked her and told her that if she left him, he would kill her. Lewis left the house. The victim and her children left shortly thereafter to go to a restaurant. As they walked to the restaurant, Lewis followed on his bicycle. The argument resumed and continued as they ate together at the restaurant and then went to a liquor store. As she walked to the liquor store with Lewis in tow, the victim called the police. She told the 911 operator that Lewis was carrying a gun in the waistband of his pants and that he told her that if she broke up with him, he would kill her. A recording of that 911 call confirmed that Lewis told the victim that he was going to "mess her up" and "beat the f*** out of" her.

{¶9} Lewis and the victim carried their argument into the liquor store. The store manager eventually ejected Lewis from the premises, doing so just as the police arrived. The police frisked Lewis but found no gun. They later searched the victim's house, but again found no gun. The victim testified that, contrary to her 911 call, Lewis was not actually carrying a gun at the time he made the threats.

{¶10} These facts were legally sufficient to establish the elements of menacing. The state only had to prove that Lewis caused the victim to believe that he would cause physical harm to her. The victim testified that she was "terrified" by the statements Lewis made in the course of the 911 call. Given that the victim testified that Lewis had choked her earlier that day, his threats to "mess" her up and beat her could be understood by the victim as a new threat to cause physical harm. In fact, Lewis testified and conceded that he told the victim, "I should beat you up." Given the tumultuous nature of the argument between the parties and the events of the day, the victim's testimony was enough to allow a rational trier of fact to find that she believed Lewis would hurt her.

{¶11} Lewis argues that when the court gave its verdict, it stated that it did not believe the victim. Indeed, the court stopped trial during the victim's testimony to appoint her counsel — it believed that the victim had either lied in the 911 call about Lewis carrying a gun or was perjuring herself at trial by saying that he was not carrying a gun during the argument. Under either scenario, the court believed that the victim may have been legally culpable and wanted her to have counsel before continuing to testify.

**{¶12}** While these discrepancies might have some bearing on an appellate issue relating to the weight of the evidence supporting the conviction, Lewis did not raise this argument on appeal. Instead, he has limited himself to arguing only that the evidence heard at trial was legally insufficient to sustain a conviction for menacing.

**{¶13}** As noted above, we employ a particularly deferential standard of review to questions of legal sufficiency of the evidence, examining it in the light most favorable to the prosecution and determining whether any rational trier of fact could have found guilt. In light of this standard, we cannot say that the evidence was insufficient.

### III

**{¶14}** Finally, Lewis argues that the court erred by imposing court costs in his absence. The state concedes this argument and our review of the record confirms the error. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22. We therefore sustain this assignment of error and remand for the limited purpose of allowing Lewis to seek a waiver of those court costs. *See State v. Appleton*, 8th Dist. No. 97942, 2010-Ohio-2778, ¶ 7.

**{¶15}** This cause is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified

copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of

Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR