[Cite as *In re A.H.*, 2013-Ohio-5080.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

IN RE: A.H.

C.A. Nos. 13CA010362
13CA010371

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No. 11 JD 34182

DECISION AND JOURNAL ENTRY

Dated: November 18, 2013

HENSAL, Judge.

{¶1} A.H. appeals a judgment of the Lorain County Court of Common Pleas, Juvenile Division, revoking his supervised release ("parole") for a minimum of 90 days. For the following reasons, this Court dismisses the appeal as moot.

I.

{¶2} In January 2012, the Lorain County juvenile court adjudicated A.H. a delinquent child and remanded him to the Lorain County detention home. In April 2012, the court committed him to the Ohio Department of Youth Services for a minimum period of six months with credit for the time he had already served. In July 2012, he was paroled. On January 25, 2013, the court revoked A.H.'s parole for a minimum period of ninety days and permanently committed him to the Department of Youth Services. A.H. has appealed the court's revocation decision, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN HE ORDERED A PAROL (SIC) REVOCATION OF NINETY DAYS WHEN 5139.52(F) PROVIDES THAT SUCH A COMMITMENT SHALL BE FOR A MINIMUM PERIOD OF THIRTY DAYS.

ASSIGNMENT OF ERROR II

TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT TO A.H.'S PAROL (SIC) REVOCATION COMMITMENT IN VIOLATION OF A.H.'S SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶3} A.H. argues that, under Revised Code 5139.52(F), the trial court did not have authority to revoke his parole "for a minimum period of 90 days." According to him, under the statute, if the court determines that a parolee has committed a serious violation, it may revoke his parole and return him to the custody of the Department of Youth Services with instructions for it to hold him for a minimum of 30 days. A.H. argues that the court does not have authority to increase the minimum period of detention. He also argues that his trial lawyer was ineffective for not objecting to the court's order or alerting the court that it had no authority to impose the sanction ordered.

{¶4} A case is moot if it involves "no actual genuine controversy which can definitely affect the parties' existing legal relationship." *Harris v. City of Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7. "A moot case is one which seeks to get a judgment * * * upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." *Id.*, quoting *Culver v. City of Warren*, 84 Ohio App. 373, 393 (7th Dist. 1948). Regarding criminal cases, the Ohio Supreme Court has held that, "[w]here a defendant, convicted of a criminal offense, has * * * completed the sentence for that offense, an

appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. "[T]o retain his stake in a controversy and to preserve the right to appeal, a defendant convicted of a criminal offense must, where practicable, seek a stay of the fine or sentence in either the trial court or the appellate court." *State v. Irwin*, 9th Dist. Medina No. 3073-M, 2001 WL 542333, *1 (May 23, 2001), quoting *State v. Benson*, 29 Ohio App.3d 109, 109 (10th Dist. 1986).

{¶5} The trial court revoked A.H.'s parole on January 25, 2013. A.H. did not move for a stay of the order pending appeal. He, therefore, would have completed the minimum 90-day period of his parole revocation on April 25, 2013. In light of the fact that his only argument on appeal is that the minimum duration should have been 30 days instead of 90, yet 90 days has already passed, we conclude that a judgment on the merits can have no practical effect. His appeal must be dismissed as moot.

III.

{¶6} A.H.'s appeal from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, is moot. Accordingly, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ROBERT CABRERA, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and JAY B. GRUNDA, Assistant Prosecuting Attorney, for Appellee.