[Cite as *State v. Lewis*, 2023-Ohio-4651.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112608 |
| v. | : | |
| ANDRE LEWIS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 21, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-675392-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Maryann Zaky, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Andre Lewis, appeals his assault conviction. For the reasons that follow, this appeal is moot and hereby dismissed.

{¶ 2} Appellant was charged with one count of felonious assault and one count of domestic violence. Appellant waived his right to a jury, and the case was

tried to the bench. The state dismissed the domestic violence count prior to the start of trial. The trial court acquitted appellant of felonious assault but found him guilty of the lesser included offense of assault, a first-degree misdemeanor. The court sentenced appellant to time served and waived all fines and costs.

{¶ 3} On appeal, the appellant contends that his assault conviction is against the manifest weight of the evidence. As an initial matter, however, we must determine whether the appeal is moot. Based on the unique circumstances of this case, we determine it is.

{¶ 4} After initial appellate briefing was completed, we sua sponte ordered the parties to provide additional briefing on whether the appeal was moot. In his supplemental brief, appellant contends that his appeal is not moot because he did not voluntarily serve his sentence.

{¶ 5} In *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, the Ohio Supreme Court held:

> The completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

*Id*. at syllabus.

{¶ 6} In *Lewis*, the defendant was convicted of obstructing official business and sentenced to a suspended term of three days in jail, six months of inactive probation, and $100 in fines and costs. The defendant filed a motion with the trial

court to stay execution of his sentence, which the court denied. He paid his fines and costs and completed his sentence. On appeal, this court, sitting en banc, held that the offender was not required to seek an additional stay in the appellate court to preserve his right to appeal. *Cleveland Hts. v. Lewis*, 187 Ohio App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146, ¶ 7 (8th Dist.). The Ohio Supreme Court agreed, reasoning that

> a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal.

*Lewis*, 2011-Ohio-2673, at ¶ 23.

{¶ 7} Courts have also held that a sentence is considered involuntarily served if the defendant is jailed while his or her case was pending, and the defendant is subsequently sentenced to a sentence of time served. *See State v. Lewis*, 8th Dist. Cuyahoga No. 98621, 2013-Ohio-1187, ¶ 3 (defendant's right to appeal was not forfeited when 30-day sentence ordered by the court exceeded the time the defendant had been held in confinement awaiting trial).

{¶ 8} Appellant contends that his case is analogous to *Lewis*, 2013-Ohio-1187, in that he did not voluntarily serve time. In its supplemental brief, the state argues that this case is distinguishable from *Lewis*, 2013-Ohio-1187, because there is no indication appellant served time awaiting trial. According to the state, appellant was not arrested on scene. Appellant received a summons to appear, was

arraigned, and was granted a $5,000 personal bond. The state argues that there is no indication in the record that appellant was ever incarcerated "so the sentence he received was completed as soon as it was imposed." The state also notes that appellant did not seek a stay of execution in either the trial court or this court.

{¶ 9} This case is distinguishable from *Lewis*, 2013-Ohio-1187, and is also distinguishable from *Lewis*, 2011-Ohio-2673. In *Lewis*, 2013-Ohio-1187, the court imposed a 30-day jail sentence and court costs. In *Lewis*, 2011-Ohio-2673, the defendant was given credit for time served, but placed on inactive probation and ordered to pay a fine and costs.

{¶ 10} In this case, the trial court waived all costs and fines and sentenced appellant to time served. It would have been meaningless for appellant to seek a stay when, for practical purposes, there was nothing to stay. The appellant is not subject to any type of supervision and was not ordered to pay a fine or court costs. Once the court imposed a sentence of "time served," appellant was not subject to the court's control and thus there was no need to seek a stay.

{¶ 11} That state also argued in its supplemental brief that the appeal is moot because appellant's misdemeanor assault conviction carries no collateral consequences or disabilities. When a misdemeanant voluntarily completes the sentence for that offense, the appeal from that conviction is moot "'unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.'" *Lakewood v. Smyczek*, 8th Dist. Cuyahoga No. 108369, 2020-Ohio-

271, ¶ 7, quoting *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994). A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served. *Smyczek* at *id.*, citing *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10.

{¶ 12} In *Smyczek*, this court concluded that the appeal was moot even when the appellant did not serve his sentence voluntarily, filed a stay of execution to this court that was denied, and appealed the conviction. *Id.* at ¶ 10. This court reasoned that there is nothing in the record or appellant's brief that suggested that any collateral consequences existed. *Id.*

{¶ 13} Appellant has failed to show that his misdemeanor assault conviction carries with it any collateral consequences or disabilities and there is nothing in the record or appellate brief that suggests that any collateral consequences exist. Therefore, based on the facts and circumstances of this case, the appeal is moot.

{¶ 14} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR