**[Cite as *In re N.Q.*, 2024-Ohio-1296.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

IN THE MATTER OF: N.Q.          :

                                           :

                                           :     C.A. No. 2023-CA-16

                                           :

                                           :     Trial Court Case No. 08-JUV-1333

                                           :

                                         :     (Appeal from Common Pleas Court-
Juvenile Division)

                                         :

                                         :

. . . . . . . . . . .

O P I N I O N

Rendered on April 5, 2024

. . . . . . . . . . .

ADDIE J. KING, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Pierre Colquitt appeals from a judgment of the Clark County Court of Common Pleas, Domestic Relations Division - Juvenile Section which found him in contempt for failing to pay child support and ordered that he serve 20 days in jail. For the reasons that follow, we find his appeal to be moot, and it will be dismissed.

**I.**     **Facts and Course of Proceedings**

{¶ 2} In November 2008, Colquitt was found to be the father of N.Q. and ordered to pay $61.20 each month in child support. Colquitt failed to meet his obligations, and on February 20, 2020, the Clark County Child Support Enforcement Agency (CSEA) moved to have Colquitt held in contempt for "failure to seek work, pay support and arrears." He was ordered to appear before a magistrate on April 9, 2020, to show cause why he should not be found in contempt. The court warned that if he was found in contempt, he could face fines and jail time in accordance with R.C. 2705.05.

{¶ 3} The April hearing was continued, but on July 9, 2020, Colquitt appeared (without counsel) before the magistrate. He explained that he had been making regular payments on his child support until the COVID pandemic prevented him from working. However, the magistrate found that despite having the ability to pay, Colquitt had failed to pay a large percentage of his court ordered child support - $6,437.68 - and found him to be in contempt. He was given a suspended jail sentence and informed that he would be required pay $61.20 each month; if he did not, that failure "may result in imposition of the suspended jail sentence." Magistrate's Decision and Order at 2.

{¶ 4} It appears that Colquitt did not purge the contempt and was scheduled to appear before the judge for imposition of sentence on September 14, 2020. He appeared, but the court set a new date – December 7, 2020. Colquitt did not appear in December, and the court issued a capias.

{¶ 5} Colquitt had no contact with the Clark County Domestic Relations Court until March 13, 2023, when he was brought before the court after he was arrested on an unrelated felony; he had been incarcerated in multiple counties in Ohio and in New York

in the interim. The court found Colquitt had failed to purge himself of contempt and sentenced him to 20 days in jail to be served concurrently with 30 days imposed in another case, 00-JUV-0096. He was already in the Clark County Jail awaiting trial on a felony matter. Colquitt has now served his jail sentence for the contempt.

{¶ 6} Colquitt has filed an appeal that raises two assignments of error. We will address them in a way that facilitates our analysis.

## II.    Colquitt's appeal is moot

{¶ 7} Both of Colquitt's assignments of error deal with the sentence imposed for failing to pay child support. In the first assignment of error, Colquitt argues that the court erred in imposing jail time for non-compliance with the purge provisions, because he had made some payments but was prevented from making them once he was incarcerated. The second assignment of error alleges that the court should have determined jail time credit before imposing sentence. We decline to consider either assignment of error, however, because the appeal is moot.

{¶ 8} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v.*

*Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55.

**{¶ 9}** The Ohio Supreme Court has held that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 238, 325 N.E.2d 236 (1975).

**{¶ 10}** The same principle applies in a contempt scenario. An appeal regarding a contempt sentence is moot after the jail term has been served unless the contemnor can demonstrate that he or she will suffer a collateral disability or loss of civil rights based on the finding of contempt. *Harris v. Omosule*, 2d Dist. Greene No. 2009-CA-78, 2010-Ohio-1124, ¶ 6; *Springfield v. Myers*, 43 Ohio App.3d 21, 25-26, 538 N.E.2d 1091 (2d Dist.1988). This principle applies to both civil and criminal contempt matters. *Jenkins v. Jenkins*, 2d Dist. Champaign No. 1986-CA-01, 1987 WL 4782 (Apr. 15, 1987); *Bartkowiak v. Bartkowiak*, 4th Dist. Vinton No. 04CA596, 2005-Ohio-5017.

**{¶ 11}** Here, Colquitt was sentenced on March 13, 2023, to 20 days of incarceration, to be served concurrently to 30 days in a second case (all while awaiting trial in a third case), and the sentence was to start immediately. That means his sentence for this case was completed in April 2023, approximately a year ago. Therefore, absent a demonstration that some collateral disability or loss of rights resulted from the sentence, Colquitt's appeal is moot. He has not made that argument, and thus, we dismiss his appeal as moot.

### III.    Conclusion

**{¶ 12}** Having found the appeal to be moot, it will be dismissed.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.