[Cite as *State v. Pizzo*, 2025-Ohio-2790.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-11 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2024 CRB 02836; |
| v. | : | 2025 CRB 00058 |
| | : | |
| ALEX A. PIZZO | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 8, 2025, the judgment of the trial court in Case No. 2025 CRB 00058 is affirmed, and the appeal in Case No. 2024 CRB 02836 is dismissed as moot.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

Tucker, J., and Hanseman, J., concur.

**OPINION**
MIAMI C.A. No. 2025-CA-11

MARY ADELINE R. LEWIS, Attorney for Appellant
GRANT D. KERBER, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Alex A. Pizzo appeals from his convictions in two misdemeanor cases, claiming that the trial court erred in failing to notify him of his jail-time credit at sentencing. Because Pizzo has completely served the jail sentence imposed in Miami M.C. No. 2024 CRB 2836, the appeal from that judgment is dismissed as moot. Because no jail sentence was imposed in Miami M.C. No. 2025 CRB 58 and no other alleged error is raised, the judgment in that case is affirmed.

## I. Facts and Procedural History

{¶ 2} On December 23, 2024, Pizzo was charged by complaint with domestic violence, a first-degree misdemeanor, based on an incident with his girlfriend. Case No. 2024 CRB 2836. According to a witness, Pizzo had hit his girlfriend in the face with a bag or purse. A warrant was issued for Pizzo's arrest.

{¶ 3} On January 10, 2025, Pizzo's girlfriend contacted the police to report that Pizzo had assaulted her again. She told the responding officers that he had hit her on the legs with a piece of wood and bitten her cheek. She showed her bruises to the officers. When the officers attempted to arrest Pizzo at the girlfriend's apartment, he refused to open the bedroom door. Pizzo was arrested after the officers kicked it open. Three days later, Pizzo was charged by complaint with domestic violence, a first-degree misdemeanor, and obstructing official business, a second-degree misdemeanor. Case No. 2025 CRB 58.

{¶ 4} On February 10, 2025, Pizzo pled guilty to domestic violence as charged in Case No. 2024 CRB 2836 and to a reduced charge of disorderly conduct in Case No. 2025 CRB 58. The domestic violence charge in Case No. 2025 CRB 58 was dismissed with prejudice. In Case No. 2024 CRB 2836, the court sentenced Pizzo to 150 days in jail, with credit for time served, and ordered him to pay court costs. The court imposed court costs only for Case No. 2025 CRB 58.

{¶ 5} Pizzo appeals from the trial court's judgments. In his sole assignment of error, he claims that the trial court failed to determine at sentencing the amount of jail-time credit to which he was entitled and failed to give him an opportunity to be heard on that issue.

{¶ 6} Because no jail sentence was imposed in Case No. 2025 CRB 58, Pizzo's assignment of error is not relevant to that case. Pizzo has not raised any other alleged error concerning his disorderly conduct conviction. Consequently, we summarily affirm his conviction in Case No. 2025 CRB 58, and we will focus on Case No. 2024 CRB 2836.

## II. Mootness

{¶ 7} Before analyzing Pizzo's jail-time credit argument, we must consider whether his appeal from Case No. 2024 CRB 2836 is moot.

{¶ 8} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970); *State v. Smith*, 2019-Ohio-3592, ¶ 8 (2d Dist.). "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55. Appellate courts lack jurisdiction to consider the merits of a moot appeal. *See State v. Berndt*, 29 Ohio St.3d 3, 4 (1987); *Smith* at ¶ 9.

{¶ 9} Appeals of misdemeanor convictions are considered moot if the defendant has voluntarily satisfied his or her sentence, unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. *State v. Wilson*, 41 Ohio St.2d 236, syllabus; *Urbana v. Boystel*, 2021-Ohio-2529, ¶ 9 (2d Dist.). A defendant can show that he or she did not serve a sentence voluntarily if the defendant sought a stay of the sentence to allow for the appeal. *Smith* at ¶ 10, citing *Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 23. A sentence is also considered involuntarily served when it is entirely served prior to conviction. *Id.*, citing *State v. Benson*, 29 Ohio App.3d 109, 110 (10th Dist. 1986).

{¶ 10} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, ¶ 10. "[A] purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." *State v. Moore*, 2005-Ohio-4518, ¶ 14 (2d Dist.), quoting *State v. Johnson*, 43 Ohio App.3d 1, 3 (1st Dist. 1988); *State v. Washington*, 2018-Ohio-1231, ¶ 10 (2d Dist.).

{¶ 11} "A court may consider extrinsic evidence from outside the record to determine mootness." *Pruitt v. Pruitt*, 2022-Ohio-2058, ¶ 14 (2d Dist.), citing*, e.g., State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8.

{¶ 12} In this case, Pizzo was sentenced to 150 days in jail with "credit for time served." A document entitled "Commitment after Conviction and Sentence to County Jail," which was filed on February 25, 2025, reflects that Pizzo was to begin serving his sentence on February 10, 2025, the day of sentencing, and that his release date was June 8, 2025. An attached page indicated that Pizzo was given jail-time credit for January 10, 2025, to February 10, 2025, a period of 32 days. Pizzo did not seek a stay of his sentence, either

from the trial court or this appellate court, and it appears that he has completely served the jail term. The Miami County Jail website shows that Pizzo is not incarcerated on these charges. Consequently, his appeal from Case No. 2024 CRB 2836 is moot.

### III. Conclusion

{¶ 13} The judgment in Case No. 2025 CRB 58 is affirmed. The appeal from 2024 CRB 2836 is dismissed as moot.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.